(26 Misc. Rep. 85.)

UNION TRUST CO. OF INDIANAPOLIS v. BOKER et al.

(Supreme Court, Special Term, New York County. January, 1899.)

PARTIES—INTERVENTION.
Code Civ. Proc. § 452, provides that, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in; and section 453 provides that, where a court directs a new defendant to be brought in, a supplemental summons must be issued to him, etc. *Held*, that the court cannot allow the intervention as a party plaintiff of one whose interests are hostile to plaintiff's.

Action by the Union Trust Company of Indianapolis against Ferdinand A. Boker and another. On motion of William P. Wood for leave to intervene as a party plaintiff, and for amendment of the summons and pleadings by the insertion of his name therein. Denied.

Peckham, Warner & Strong, for the motion.
Crane & Lockwood, opposed.

TRUAX, J. This is a motion by the petitioner to be made a party plaintiff herein. The above-entitled action is brought on a judgment obtained by Herman Sturm against the defendants in the circuit court of the United States for the district of Indiana upon the 6th day of May, 1897, for the sum of $70,361.55, and upon a further judgment obtained by said Sturm against said defendants in said court on the 9th day of October, 1897, for $14,821.43. The petitioner claims that prior to the commencement of the actions in which said judgments were obtained said Sturm, in writing, and for a valuable consideration, duly assigned to the petitioner a certain share in the claims which were afterwards merged in said judgments, and that since said judgment was obtained he has caused to be served upon the defendants a notice of his aforesaid assignment. He further claims that he is ignorant of any assignment of said judgments by said Sturm to the plaintiff herein; that the above-entitled action is one in the nature of a judgment creditor's bill in equity; that said Sturm is insolvent, and that he believes that unless he (the petitioner) is permitted to intervene herein he will be irreparably injured. It seems to me that it would be an anomaly in practice to allow a person who claims that he has interests in the cause of action hostile to the interests of the plaintiff in the action to be made a party plaintiff to the action, and to appear and prosecute the action by his own attorney. If such a thing were permitted, there would be two complaints in the action, and two attorneys prosecuting the action. Such a

thing was never contemplated by the Code. It is true that section 452 says that, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. But on reading section 453 it is evident that section 452 means that the persons brought in shall be brought in as defendants, for section 453 says that where the court directs a new defendant to be brought in, and the order is not made upon his own application, a supplemental summons must be issued, directed to him, and in the same form as an original summons, except that in the body thereof it must require the defendant to answer the original or the amended complaint and the supplemental complaint, or either of them, as the case requires.

Motion denied, with $10 costs.